IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SCOTT V. SHIRLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-6127-CV-W-DW |
| ) | |
| JO ANNE BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Plaintiff Scott Shirley seeks judicial review on a final decision of Defendant Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits. Judicial review is now appropriate. See 42 U.S.C. §1383(c)(3).

The complete facts and arguments are presented in parties' briefs, and consequently will be duplicated herein only to the extent necessary. After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

I.      Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). The review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (6th Cir. 1999). The Court also considers whatever in the record fairly

1

detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support the other side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

II.  Analysis

Plaintiff argues (1) the ALJ did not properly evaluate Plaintiff's subjective complaints; and (2) the ALJ improperly relied on the testimony of the vocational expert. The Court will address these arguments in turn.

    A.  Plaintiff's Subjective Complaints

Plaintiff argues that the ALJ improperly discounted Plaintiff's subjective complaints of pain. The burden of deciding the credibility of a plaintiff's subjective testimony rests with the Commissioner. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). The standard for the evaluation of pain and other subjective complaints is set by a six factor test in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).[1]

Plaintiff argues that the ALJ made a simple conclusory statement that Plaintiff's

---

[1] In Polaski, the Eighth Circuit set forth factors the ALJ must consider in evaluating subjective complaints: (1) the objective medical evidence; (2) the subjective evidence of the duration, frequency, and intensity of plaintiff's pain; (3) any precipitating or aggravating factors; (4) the claimant's daily activities; (5) the dosage, effectiveness and side effects of any medication; and (6) the claimant's functional restrictions. Polaski v. Heckler, 739 F.2d at 1322. The ALJ need not discuss each Polaski factor methodically as long as the factors are acknowledged and considered. Brown v. Charter, 87 F.3d 963, 966 (8th Cir. 1996).

2

subjective complaints were not credible. However, a full reading of the ALJ's decision shows that the ALJ discussed a number of factors consistent with Polaski and Social Security Ruling (SSR) 96-7p. The ALJ observed, among other things, that Plaintiff's treatment history detracted from his credibility, the objective medical evidence was inconsistent with all of Plaintiff's subjective complaints, and that Plaintiff's daily activities were inconsistent with his allegations of complete disability. Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998); Forte v. Barnhart, 377 F.3d 892, 895 (8th Cir. 2004); Riggins v. Apfel, 177 F.3d 689, 692 (8th Cir. 1999).

This Court finds that the ALJ's consideration of the subjective aspects of Plaintiff's complaints was consistent with the relevant framework. See Polaski v. Heckler, 739 F.2d at 1322. The ALJ clearly articulated his reasons for discrediting Plaintiff's subjective complaints, thus, the ALJ's credibility finding is affirmed.

B. Vocational Expert Testimony

Second, Plaintiff argues that the ALJ erred in relying on the vocational expert's testimony because the ALJ's hypothetical question did not include Plaintiff's non-exertional impairments caused by pain.

The ALJ obtained vocational expert (VE) witness testimony to assist him in determining whether Plaintiff could perform other work which existed in significant numbers in the national economy. Based on a hypothetical question including all the limitations the ALJ found credible, the VE testified to jobs which existed in significant numbers in the national economy. The question was appropriate as it set forth impairments supported by substantial evidence in the record and accepted by the ALJ. Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001). Because the hypothetical question posed included only the limitations the ALJ found credible, and

excluded those the ALJ discredited for a legally sufficient reason, the Commissioner satisfied his burden of showing that Plaintiff could perform other work. See 20 C.F.R. §§ 404.1520, 416.920 (2004).

III.     Relief Ordered

After a careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

IT IS SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE:    November 28, 2005